**UNITED STATES COURT OF APPEALS**
**Filed 7/29/96**
**TENTH CIRCUIT**

VIRGIL BROOKS,

       Plaintiff - Appellant,

  v.

STATE OF OKLAHOMA; LARRY
FIELDS, Director, Oklahoma Department
of Corrections; and LOUIS BULLOCK,

       Defendants - Appellees.

No. 95-6046

W.D. Oklahoma

(D.C. No. CIV-93-1679-A)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **BARRETT**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Virgil Brooks, an inmate incarcerated by the Oklahoma Department of Corrections ("DOC"), brings this pro se action seeking relief for alleged constitutional violations and related wrongs based on his conditions of confinement. Brooks names as defendants the state of Oklahoma, DOC director Larry Fields, and Louis Bullock, class counsel for state inmates in Battle v. Fields, No. 72-95-C (E.D. Okla.). The district court granted summary judgment to each defendant. We affirm.

Brooks' complaint alleges that the defendants have kept him from "benefiting equally" under state law, subjected him to multiple health hazards, refused to comply with and conspired to prevent compliance with the orders in Battle, denied him adequate legal help, interfered with his mail and denied him phone privileges, and provided ineffective assistance of class counsel -- all in violation of the First, Fifth, Eighth, and Fourteenth Amendments and in contravention of court orders in Battle. A liberal reading of his complaint shows that he also challenges as unconstitutional Oklahoma statutory law governing prison overcrowding. Okla. Stat. Ann. tit. 57, §§ 570-576, 610-613.

Pursuant to an order from the district court, the state defendants submitted a report reviewing the factual bases of Brooks' claims. See R. Vol I, Tab 20. The report included information about Brooks, directives and an affidavit from DOC personnel, copies of DOC policies and procedures, inspection and maintenance reports, and similar materials. Based on that report and two subsequent Reports and Recommendations from the magistrate judge, the district court granted summary judgment for the state defendants on

all claims. The court then granted summary judgment in favor of defendant Bullock, again on recommendation from the magistrate judge.

On appeal, Brooks does not provide argument or authorities as to why the district court erred in any of its determinations. See Brownlee v. Lear Siegler Management Servs. Corp., 15 F.3d 976, 977-78 (10th Cir.), cert. denied, 114 S. Ct. 2743 (1994). Rather, he refers us to the "records of case," submits that the defendants confessed to his allegations, and lists the citation for Farmer v. Brennan, 114 S. Ct. 1970 (1994). We have carefully reviewed the record in this case, including the DOC report, Brooks' sundry responses thereto, the various Reports and Recommendations, and all other pleadings below, as well as all relevant statutory and case law -- including Farmer v. Brennan. Our de novo review convinces us that the district court properly granted summary judgment against Brooks on all claims. Brooks' responses to the government's thorough, documented factual showing consist of bare, general, conclusional allegations that fail to raise a genuine issue of material fact on any claim. We agree with the district court and the magistrate judge that the law entitles each of the defendants to a judgment, for substantially the reasons set forth in the Reports and Recommendations of the magistrate judge. See R. Vol. II, Tabs 27, 43, 57.

AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge